UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN WEINER, ) | Civil No. 12-cv-183-L(BGS) |
| ) | |
| Plaintiff, ) | **ORDER GRANTING MOTION TO** |
| ) | **DISMISS WITHOUT LEAVE TO** |
| v. ) | **AMEND [DOC. 6]** |
| ) | |
| ARS NATIONAL SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

 This action arises from Plaintiff Allan Weiner's allegation that Defendant ARS National Services, Inc. ("ARS"), a California corporation, has a policy and practice of secretly recording or monitoring telephone calls with persons located in California without their consent, in violation of California's Invasion of Privacy Act and California Penal Code § 632. Defendant now moves to dismiss the First Amended Complaint ("FAC"). Plaintiff opposes.

 The Court found this motion suitable for determination on the papers submitted and without oral argument. (Doc. 8.) For the following reasons, the Court **GRANTS WITHOUT LEAVE TO AMEND** Defendant's motion to dismiss.

//

//

## I.  BACKGROUND

Defendant is a California corporation.  Defendant's representative called Plaintiff on his telephone and asked for Plaintiff's ex-employee.  (FAC ¶ 18.)  Plaintiff quickly asked whether the phone call was being recorded and Defendant's representative replied that it was.  (FAC ¶ 19.)  Plaintiff immediately voiced his discomfort with this and the telephone call came to an end.  The phone call lasted 28 seconds.  (Beck Decl. Ex. A.[1])  The transcript of the phone conversation is as follows:

> [Defendant]: Hello.
>
> [Plaintiff]: Hello.
>
> [Defendant]: Hi, is Thomas there?
>
> [Plaintiff]: Who's calling please?
>
> [Defendant]: My name is Eric, I'm calling for uh…Thomas Anderson.
>
> [Plaintiff]: And uh…I have a question. Is this call being recorded?
>
> [Defendant]: Uh yes.
>
> [Plaintiff]: Ah, you screwed up.  Um…there's a law in the [S]tate of California that says you cannot record a call without my knowledge and this has made me uncomfortable.
>
> [Defendant]: Oh I'm sorry.
>
> [Plaintiff]: It's too late for that. What I'm going to...

(Transcript 1:1–16.)

Plaintiff alleges that Defendant recorded or monitored "telephone communications with Plaintiff without adequately advising [him], at the outset of the conversation, that the conversation was being recorded."  (FAC ¶ 7.)  Additionally, Plaintiff claims that, unknown to Plaintiff at the time, Defendant's representative was "secretly recording and/or monitoring the

---

[1] Defendant has requested the Court to take judicial notice of the transcript and audio file of the telephone phone call in support of its motion. (Doc. 6-4.)  Plaintiff has challenged the authenticity of the transcript and audio file.  Accordingly, the Court **GRANTS** this request.  The transcript is included as Exhibit A to Gregory S. Korman's Declaration.  (Doc. 6-3.)

confidential telephonic communication, which Plaintiff expected to be private." (FAC ¶ 19.)

On August 17, 2011, Plaintiff filed this putative class-action complaint against Defendant in state court but did not serve it. On December 22, 2011, Plaintiff filed and later served a first amended class-action complaint against Defendant, which was removed to this Court on January 23, 2012. (Notice of Removal [Doc. 1].) Plaintiff alleges one claim for violation of California Penal Code § 632 in the FAC. Defendant now moves to dismiss the FAC. Plaintiff opposes.

**II.   LEGAL STANDARD**

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party. *Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted). In fact, the court does not need to accept any legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, — , 129 S. Ct. 1937, 1949 (2009)

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

## III. DISCUSSION

Section 632 is part of California's invasion of privacy statutory scheme. It provides, in relevant part, that "[e]very person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic . . . device . . . records the confidential communication" violates the statute. Cal. Pen. Code § 632(a). Accordingly, the three elements that Plaintiff must prove are (1) an electronic recording of (or eavesdropping on); (2) a "confidential" communication; and (3) all parties did not consent. *See Flanagan v. Flanagan*, 27 Cal.4th 766, 774-76 (2002). Penal Code § 637.2 authorizes a private civil right of action for any violation of § 632.

For purposes of § 632, a "confidential communication" is "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto," but *excludes* communications made in "any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." Cal. Penal Code § 632 (emphasis added).

Plaintiff did not have an objectively reasonable expectation that the telephone call would not be recorded. In *Flanagan*, the California Supreme Court held that the test of confidentiality requires "the existence of a reasonable expectation by one of the parties that no one is 'listening in' or overhearing the conversation."[2] *Flanagan*, 27 Cal. 4th at 774-76 (adopting the confidentiality test set out in *Frio v. Superior Court*, 203 Cal. App. 3d 1480, 1488 (1988)). This test is an objective one. *Id*. Thus, Plaintiff's subjective expectation of a private communication has little bearing. *Id*. at 766-77; *Coulter v. Bank of America*, 28 Cal. App. 4th 923, 929 (1994) ("The test of confidentiality is objective" and a party's subjective intent is irrelevant).

The threshold issue here is whether Plaintiff's expectation was objectively reasonable.[3] Previous applications of the confidentiality test have consistently looked to the surrounding circumstances to determine whether an expectation of privacy is objectively reasonable. *Faulker v. ADT Sec. Servs, Inc.*, No. 11-00968, 2011 WL 1812744 at *3 (N.D. Cal. May 12, 2011). Although this analysis generally entails a question of fact, the facts in the present case are undisputed. *See Kight*, 200 Cal. App. 4th at 1396. In fact, the *only* facts alleged in this case consist of a brief 28-second telephone conversation between Defendant's representative and Plaintiff.

---

[2] The court found that this test better fulfilled the legislative purpose of California's Privacy Act than the previous standard since it provided greater protection against a party from surreptitiously recording or monitoring a conversation without the consent of the other party. *See Kearny v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 117-18 (2006); *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377, 1390 (2011).

[3] Both parties have set forth arguments over whether Defendant's disclosure that the call was being recorded was at the "outset" of the conversation. Businesses can comply with § 632 by "informing its clients or customers, at the outset of the call, of the company's policy of recording such calls." *Kearny*, 39 Cal. 4th at 100. However, the Court finds no need to reach this issue since Plaintiff has failed to adequately plead that he had an objectively reasonable expectation of privacy to begin with. Moreover, the *Kearny* court made clear that once the other party to a conversation has been advised that the call is being recorded, they have the right to decline to continue the conversation. *Id.* at 118. Plaintiff exercised his right to continue the conversation after he had been advised that the call was being recorded.

The circumstances surrounding the 28-second conversation shows that Plaintiff did not have an objectively reasonable expectation that the conversation was not being recorded. In *Frio*, the court found that a reasonable expectation of privacy existed by considering factors such as: the telephone conversation involved a few key people to a business deal, there were business discussions between the parties relating to a joint business venture, and there was the existence of the potential for substantial profit. *Frio*, 203 Cal. App. 3d at 1489. None of those factors are present here. Plaintiff was not communicating with a financial institution concerning his personal financial information and investments, unlike the plaintiff in *Kearney*. *See Kearny*, 39 Cal. 4th at 118. Most importantly, the short exchange between the two parties over the telephone barely amounted to a communication or conversation for purposes of § 632. *Cf. Coulter*, 28 Cal. App. 4th at 929-30 (where various employees submitted declarations showing an objectively reasonable belief that the conversations they had with a co-worker were not recorded, detailing the various topics that were discussed with the co-worker on multiple occasions, with the majority taking place in private offices).

        The brief telephone conversation between the two parties lasted less than half of a minute. Plaintiff and Defendant were complete strangers before the call took place. He did not have any sort of prior relationship with Defendant, and he was not Defendant's customer or client and Plaintiff did not disclose any personal information to Defendant's representative. Moreover, Defendant did not even call to speak to Plaintiff, but rather asked for his ex-employee when he picked up the telephone. Only five meager sentences were exchanged between the parties before Plaintiff asked if the call was being recorded—two of them were the customary "hello" that is ordinarily exchanged at the beginning of telephone conversations; two were Defendant's representative asking for Plaintiff's ex-employee and identifying himself; and one was Plaintiff inquiring who was calling. (Transcript 1:1-16.) Immediately after Defendant advised Plaintiff that the call was being recorded, the telephone conversation ceased. Plaintiff did not share any personal information with the person on the other end of the telephone call, who by the end of the conversation still remained a complete stranger to Defendant's representative. In fact, he shared no information at all other than letting Defendant know that he felt uncomfortable with

the call being recorded.  Plaintiff simply could not have had an objectively reasonable expectation of privacy based on these circumstances surrounding this short telephone call. Therefore, he has failed to plead sufficient facts to make his claim plausible under the pleading standard set forth in *Iqbal*.  *Iqbal*, 129 S. Ct. at 1949.

## IV.   CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS WITHOUT LEAVE TO AMEND** Defendant's motion to dismiss.  *See Cervatest v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave where . . . amendment would be futile.").

**IT IS SO ORDERED.**

DATED: July 2, 2012

_____
M. James Lorenz
United States District Court Judge